**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF
AMERICA,**

                          **Plaintiff,**                           **8:10-cv-957
(GLS/RFT)**

                          **v.**

**ALL FUNDS ON DEPOSIT IN THE
INMATE ACCOUNT BELONGING
TO JOSE ALVARADO,**

                          **Defendant.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PLAINTIFF:**
HON. RICHARD S. HARTUNIAN       GWENDOLYN E. CARROLL
United States Attorney                  Assistant United States Attorney
Office of the United States Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

**FOR THE CLAIMANT:**
Jose Alvarado
Pro Se
01-A-0550
Groveland Correctional Facility
7000 Sonyea Road
P.O. Box 50
Sonyea, NY 14556

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff United States of America ("government") commenced this action *in rem* to forfeit and condemn all funds on deposit in the Inmate Account belonging to Jose Alvarado. (*See* Compl., Dkt. No. 1.) Pending is the government's motion for summary judgment. (*See* Dkt. No. 43.) For the reasons that follow, the motion is granted.

### II. Background[1]

On May 27, 2010, the Inspector General's Office seized all of the funds in claimant Jose Alvarado's Inmate Account. (*See* Pl.'s Statement of Material Facts (SMF) ¶ 1, Dkt. No. 43, Attach. 2.) After being served with a copy of the verified Complaint and *in rem* warrant, Alvarado filed an untimely claim to the defendant property, which the government nonetheless agreed to recognize. (*See id.* ¶¶ 2-4.) During discovery, the government adduced evidence that collectively demonstrates that Alvarado was involved in a conspiracy to distribute drugs at the Cape Vincent Correctional Facility, and that his Inmate Account was used to further that

---

[1] Although Alvarado denies several of the factual assertions, (*see generally* Dkt. Nos. 51-52), he offers no evidence to substantiate his denials. *See* Fed.R. Civ. P. 56(c)(1). On the contrary, the government's assertions are properly supported by admissible evidence, and thus, are deemed admitted pursuant to Fed. R. Civ. P. 56(e)(2).

2

conduct. (*See id.* ¶¶ 5-6; Dkt. No. 43, Attachs. 3, 5-26.) Though Alvarado did not produce any evidence in response, he challenges the admissibility of some of the government's proof. (*See* Dkt. Nos. 51, 52.)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011).

### IV. Discussion

The government argues that it has proven that Alvarado's Inmate Account is forfeitable property, and moreover, that there are no genuine issues of material fact that preclude the entry of summary judgment. (*See* Dkt. No. 43, Attach. 4 at 8-12.) In response, Alvarado challenges the sufficiency, and admissibility, of the government's evidence, but fails to offer any evidence—besides mere assertions—to demonstrate that summary judgment is improper. (*See generally* Dkt. Nos. 51, 52.) The court agrees with the government.

In a civil forfeiture action, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is

subject to forfeiture." 18 U.S.C. § 983(c)(1); *see* 21 U.S.C. § 881(a)(6) (stating that "moneys . . . furnished or intended to be furnished . . . in exchange for a controlled substance[,] . . . . proceeds traceable to such an exchange, . . . [or money] used or intended to be used to facilitate" the exchange of a controlled substance are forfeitable). In addition, where as here, the government theorizes that the property in question was used in, or facilitated the commission of a criminal offense, it must also prove that "there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). To do so, the government "may use evidence gathered after the filing of a complaint." *Id.* § 983(c)(2). Assuming the government meets its burden, "a claimant may either rebut the government's proof of a substantial connection," or raise, and then prove, an innocent owner defense. *United States v. One Parcel of Prop. Located at 5 Reynolds Lane, Waterford, Conn.*, No. 3:09-cv-543, 2012 WL 4514490, at *9 (D. Conn. Oct. 3, 2012) (internal quotation marks and citations omitted).

Here, the government produced the following: (1) deposition testimony from Maria Colon about a package of heroin she picked up for someone named "Moreno"; (2) an affidavit from Investigator Christian

4

Nunez, who was prepared to testify that one of Alvarado's co-conspirators, Mark Womack, told him that the "dope" belonged to Moreno; a declaration from Alvarado's co-conspirator and girlfriend, Maria Mallol, noting that "Moreno" is one of Alvarado's aliases, and that she received in excess of $11,000 from Alvarado while he was incarcerated; (4) another affidavit from Investigator Nunez with respect to an interview with Alvarado's sister and co-conspirator, Socorro Deleon, during which she admitted to distributing drugs at Alvarado's request; (5) the hearing disposition from Cape Vincent showing that Alvarado was found guilty of "the same conduct giving rise to the present forfeiture action"; and (6) a record indicating that in May 2011, Alvarado plead guilty to Criminal Possession of a Controlled Substance. (Pl.'s SMF ¶¶ 5-6[2].)  In addition, the government submitted transcripts of phone conversations between the co-conspirators, (*see* Dkt. No. 43, Attachs. 13-15, 17), and the financial records of Alvarado's Inmate Account, (*see* Dkt. No. 43, Attachs. 10, 18).  Collectively, this evidence demonstrates that Alvarado's Inmate Account not only contained proceeds traceable to his drug distribution, but also that the account was used to

---

[2] The court notes that the government's SMF contains two paragraphs numbered "5." The citation to paragraph six in the court's discussion refers to the paragraph that begins with "On or about July 1, 2010."  (*See* Pl's. SMF ¶¶ 5-6.)

further that activity.  *See* 21 U.S.C. § 881(a)(6).  As such, the burden now shifts to Alvarado to prove that his account is not forfeitable.

Given his guilty plea, the court is hard-pressed to see how Alvarado could establish an innocent owner defense.  *See* 18 U.S.C. § 983(d).  Nevertheless, he neither raised the defense nor argued it in his response.  (*See* Dkt. Nos. 51, 52, 54.)  Moreover, with the exception of bald assertions that the transactions identified by the government were not part of the conspiracy,[3] (*see, e.g.*, Dkt No. 51 at 3), Alvarado also fails to "offer specific evidence showing that a genuine issue of material fact warrants a trial."  *Wagner*, 827 F. Supp. 2d at 92.  He does, however, challenge the admissibility of the government's proof, arguing that it is not being used for its intended purpose, or was disclosed to him after discovery closed.  (*See* Dkt. No. 51 at 4; Dkt. No. 52 at 4-5.)  In short, the court is unpersuaded.

First, supplementary discovery is permissible under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(e)(1)(A).  And second, the fact that Alvarado intended to use Investigator Nunez's affidavits for impeachment does not foreclose the government from using them to prove

---

[3] As the government aptly notes, (*see* Dkt. No. 55 at 6), it is not required to trace the proceeds to a specific drug transaction; it "need only trace the currency to drug trafficking generally." *United States v. $21,055.00 in U.S. Currency,* 778 F. Supp. 2d 1099, 1104 (D. Kan. 2011).

6

its case. (*See* Dkt. No. 52 at 4-5.) Moreover, the court is permitted to consider all of the evidence in the record. *See* Fed. R. Civ. P. 56(c)(3). Thus, having considered the record as a whole, the court concludes that Alvarado's Inmate Account is subject to forfeiture, *see* 18 U.S.C. § 983(c)(1), and that there are no genuine issues of material fact which necessitate a trial in this matter. It follows that the government's motion for judgment as a matter of law is granted.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the government's motion for summary judgment (Dkt. No. 43) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 31, 2012
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court